[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This marriage was dissolved on June 23, 1993 after almost 36 years. Remaining for decision is the division of the marital property. The parties have lived separately since 1989 except for a brief attempt at reconciliation. The parties agreed that the first twenty years of the marriage were happy ones. Their son, now age twenty-three, was born in 1970; in that year, the parties purchased a house in Kent. Except for relatively short intervals both parties have been employed throughout the marriage. In 1978, they shifted their base of operations from New York City where they had an apartment at 200 Riverside Drive to Kent. Mr. Jorrin commuted to New York spending two to three days per week there where he had a film business. In 1979, the parties purchased the former Kent railroad station for $135,000. The down payment of $35,000 was provided by a bank loan secured by stock. The parties purchased Kent Station Square in 1981 for $85,000. Again the down payment was secured by stock. In 1982, the parties refinanced the mortgage on this property, increasing it to $200,000, some of which was used to pay off the loans on stock and some to finance the renovations on the properties. In 1981 the defendant Bought a gourmet shop for $10,000 using joint assets including a personal injury settlement plaintiff received.
According to the testimony of the parties, the marriage was, at best, stormy since the late seventies. Plaintiff attributed his physical assaults on defendant to her verbal accusations that he had ruined her life. Plaintiff testified that defendant began physically attacking him after her business was sold in 1986. In 1989, plaintiff broke defendant's nose. From the evidence presented, it appears to the court that the financial strains and the parties' reluctance to deal openly with each other contributed to the tensions which eventually erupted in physical violence. Plaintiff recognizes that he was responsible for elevating the conflict between the parties to a violent level. CT Page 7737
The major assets of the parties are the residential real estate at Fuller Mountain Road, Kent, and the two parcels of commercial real estate in Kent. Plaintiff's appraiser valued the residence at $160,000. Mr. Jorrin believes that Ms. Jorrin should be able to continue to reside there. The residence is unencumbered by a mortgage. Mr. Jorrin provided the down payment and Ms. Jorrin used some of what had been joint assets to finish the bathroom, to install a new furnace and put up new gutters.
The plaintiff's real estate appraiser, using the income capitalization approach, appraised the two commercial parcels at 38 North Main Street and 9-11-13 Railroad Street, Kent at $435,000. A comparable sales approach yielded a value of $445,000. The court finds that income capitalization is more appropriate and values the commercial properties at $435,000. Ms. Jorrin has been managing the commercial properties. While she has not taken management fees, she has used income from them to pay personal expenses.
Considering all the factors set forth in Conn. Gen. Stat. 46b-81
and the evidence presented, the court finds that a division of the parties' assets in which plaintiff receives 35% and defendant 65% is appropriate. Since the real estate has a total value of $595,000, plaintiff would be entitled to $208,250. The parties agree that a sale of the commercial real estate now would not be wise in the current market. Plaintiff should quitclaim his interest in the Fuller Mountain, North Main Street and Railroad Street properties, Kent, to defendant in return for a payment to him, within sixty days, of $8,000 and the execution by defendant of a note to plaintiff in the principal amount of $208,250 bearing interest at the rate of 7% per annum payable in 4 years. Defendant shall also execute a second mortgage to plaintiff on the properties at 38 North Main Street and 9-11-13 Railroad Street, Kent, to secure payment of the note. The order for the cash payment is made in lieu of a division of bank accounts and in light of the fact that defendant has received title to the only income producing property of the parties.
Plaintiff is ordered to notify defendant sixty days prior to leaving the apartment at 200 Riverside Drive if he intends to give up his leasehold interest therein so that defendant may occupy it as a statutory tenant.
As to the other personalty, each is entitled to the bank accounts and retirement accounts listed on their financial affidavits dated June 10, 1993 free and clear of any claim by the other. With the exception of plaintiff's books, defendant shall retain the personalty located at 73 Fuller Mountain Road, Rent, and plaintiff shall retain the contents CT Page 7738 of the Riverside Drive apartment except for the personal property which the parties have agreed defendant will remove.
Neither will pay alimony to the other.
SUSCO, J.